IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENIA DEL CARMEN DE ALBA JUANES, as surviving Spouse and as Special Administrator of the Estate of RAFAEL TRAVA BOLIO, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC., and FORD MOTOR COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civ. No. 05-4015-JLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

Before the Court are defendants' motions to dismiss based on *forum non conveniens* (Docs. 5,10). Plaintiff has filed responses, (Docs. 32,33), defendants have filed replies, (Doc. 42,43), and plaintiff has filed a surr-reply (Doc. 53). Defendants' motions are discussed below.

**I.**    **Background.**

Plaintiff Eugenia Del Carmen Da Alba Juanes has sued Continental Tire and Ford Motor Company seeking damages for the death and injury of her husband, Rafael Trava Bolio. Specifically, on January 6, 2002, Mr. Bolio was riding as a passenger in a 1999 Ford Lobo when suddenly the tread on one of the tires began separating and caused the driver, (Amilcar Jesus Rodriguea Adrian), to lose control of the vehicle. Plaintiff is a citizen of Mexico, the decedent was a citizen of Mexico, and the driver is a citizen of Mexico. The accident occurred at or near KM 118+800 (176) Merida-Tizmin, tramo Temax-Tizimin, Yucatan, Mexico.

Plaintiff has filed a four-count complaint against Continental Tire and Ford Motor Company for negligence and strict liability alleging that the accident was caused by the faulty design and manufacture of the tire. Plaintiff originally filed suit in Jefferson County, Illinois. Continental Tire removed the action to this Court based upon an amount in controversy over $75,000 and diversity of citizenship.

Continental Tire and Ford Motor Company have both agreed to stipulate that they will: 1) submit to the jurisdiction of the Mexican courts for this action, 2) accept service of process from the courts of Mexico, 3) pay any final judgment rendered against it in Mexico resulting from this action, subject to applicable rights to appeal under Mexican law, and 4) treat the action filed in Mexico as though it had been filed in that forum on the date it was filed in this Court, with service of process accepted as of that date. (Doc. 5, pp.1-2; Doc. 10, p.2). Defendants' motions to dismiss based on *forum non conveniens* are discussed below.

**II.     Discussion.**

The doctrine of *forum non conveniens* empowers a federal court to decline to exercise jurisdiction where the convenience of the parties, the court, and the interests of justice indicate that the case should be heard in another forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247-49 (1981). The first step in a *forum non conveniens* analysis is to determine whether there is an alternative forum to hear the case. *Piper,* 454 U.S. at 254 n.22.

**A.     Alternative Forum.**

"Assessing whether an alternative forum exists involves a two-part inquiry: availability and adequacy." *Bridgestone/Firestone, Inc., Tires Product Liability Action*, 2005

WL 2018979 at *1 (7th Cir. Aug. 24, 2005) (*citing Kamel v. Hill-Rom Co., Inc.,* 108 F.3d 799, 802 (7th Cir. 1997)).  The availability and adequacy requirements are discussed below.

   1.   **Availability.**

A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction." *Kamel,* 108 F.3d at 803 (*citing In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir.1987) (*en banc*), *partially vacated on other grounds*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989)).  Here, defendants have stipulated that they will: 1) submit to the jurisdiction of the Mexican courts for this action, 2) accept service of process from the courts of Mexico, 3) pay any final judgment rendered against it in Mexico resulting from this action, subject to applicable rights to appeal under Mexican law, and 4) treat the action filed in Mexico as though it had been filed in that forum on the date it was filed in this Court, with service of process accepted as of that date.  Based upon these stipulations, the Court finds that Mexico is an available forum.  *See e.g., Macedo v. Boeing,* 693 F.2d 683, 687-88 (7th Cir. 1982);  ("A defendant's submission to the jurisdiction of an alternative forum renders that forum available for purposes of *forum non conveniens* analysis); and *Gonzales v. Chrysler Corp*, 301 F.3d 377, 380 n.3 (5th Cir. 2002) ("It is undisputed that Mexico is an amenable forum because the defendants have agreed to submit to the jurisdiction of the Mexican courts.").

   2.   **Adequacy.**

A forum is "adequate" when "the parties will not be deprived of all remedies or treated unfairly," even though they may not enjoy the same benefits as they might receive in an American court.  *Kamel,* 108 F.3d at 803 (*citing Piper,* 454 U.S. at 255); *Vasquez v.*

*Bridgestone Firestone,* 325 F.3d 665, 671 (5th Cir. 2003) (*quoting Gonzales,* 301 F.3d at 380). With regard to the "adequacy" requirement, Mexico provides "some potential avenue for redress," which for purposes of *forum non conveniens,* is all that is necessary. *Kamel*, 108 F.3d at 803 (*citing Ceramic Corp. Of Am. v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993)). Indeed, for tort litigation involving American products, several courts have held that Mexico is an adequate forum. *Gonzales*, 301 F.3d at 380-383 (Mexico is an adequate forum despite Mexico's limitations on damages and failure to recognize strict liability in certain tort cases); *In re Bridgestone/Firestone, Inc.*, 305 F.Supp.2d 927, 933 (S.D.Ind. 2004) (*vacated and remanded on other grounds*) (Mexico is an adequate forum because Mexican law provides for numerous remedies, analogous to what the plaintiff has sought in American courts, and the plaintiff will not be treated unfairly in Mexico).

  Plaintiff argues that Mexican courts do not have jurisdiction over United States corporations who are not domiciled in Mexico. Citing *Garcia v. Ford Motor Company, et al.*, and *Torres v. Ford Motor Company*, plaintiff claims that even if defendants stipulate to the Mexican court's jurisdiction, the Mexican court will not assume jurisdiction over this case. In *Garcia*, however, it appears that the Mexican court refused jurisdiction because the defendants in that case failed to meet the requirement of identifying, in a clear and precise way, the specific judge to whom they were submitting themselves (Doc. 42, Exh. 2, p.4). According to defendants' expert, Professor Serna De La Garza, this distinction is important because it indicates that the defendants in that case could still submit to a Mexican court's jurisdiction, as long as it is done properly. (Doc. 42, Exh. 2, p.4). With regard to the *Torres* case, defendants note that there is no indication in either the trial or appellate court's opinions

that either court was made aware that the defendants in the case had submitted themselves to the jurisdiction of the Mexican courts. (Doc. 42, p. 6).

As shown by the lengthy affidavits from the parties' Mexican law experts, (Leonel Pereznieto-Castro, and Professor Jose Maria Serna De La Garza, (Doc. 34, Exh. H; Doc. 42, Exh. 2)), whether a Mexican court would assume jurisdiction over this matter appears to be a fairly complex question on which reasonable minds can differ. Rather than this Court resolve what appears to be an arguable question of Mexican law, it would be appropriate to allow the Mexican court resolve the issue. Plaintiff requests a "return jurisdiction" provision which would allow plaintiff to return to this Court should this Court dismiss the case and the Mexican court refuse jurisdiction. Assuming the Court finds that Mexico is a more convenient forum than the United States, (discussed below), the Court would grant plaintiff's request. Under these circumstances, and for the above reasons, the Court finds initially that Mexico is an adequate and alternative forum.

**B.    Factors.**

Having determined that Mexico is an adequate and available forum, this Court must decide whether to keep or dismiss the case by weighing various private and public interest factors. *In re Ford Motor Co.*, 344 F.3d 648, 651-52 (7th Cir. 2003). Initially, the Court notes that a plaintiff's choice of forum is ordinarily given some deference. When a plaintiff is a citizen of a foreign country, however, and is trying to avail himself of the more-favorable laws of the United States, the foreign plaintiff's choice of law decision receives less deference. *See Piper,* 454 U.S. at 255-56. With these principles in mind, the Court reviews the private and public interest factors.

**1.     Private Interest Factors.**

The private interest factors include: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; 3) the possibility of viewing premises, (if a view would be appropriate to the action); and 4 ) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Bridgestone/Firestone, Inc.,* 2005 WL 2018979 at *1 (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Here, the private interest factors indicate that the most appropriate forum is Mexico. As noted, the accident occurred in Yucatan, Mexico. Also, plaintiff is a Mexican citizen, as was the decedent. The driver of the vehicle is also a citizen of Mexico. Furthermore, because the accident occurred in Mexico, the vehicle, the law enforcement officers, and any possible eyewitnesses, are all in Mexico. The accident report is in Mexico, and the decedent's medical reports are also in Mexico. The vehicle maintenance records, as well as documents related to the sale, registration, and insurance coverage of the vehicle are in Mexico. Information related to the decedent's employment and income are also in Mexico. Because most of the evidence is in Mexico, the relative ease of access to sources of proof indicates that Mexico is the most appropriate forum.

The second factor, (the availability and cost of compulsory process for attendance of unwilling witnesses), also favors Mexico. Under Federal Rule of Civil Procedure 45, this Court would not be able to compel witnesses in Mexico to appear in this Court. *See Fed.R.Civ Proc. 45(b)(2); see also Vasquez,* 325 F.3d at 673 ("Federal courts have no power of compulsory process over Mexican citizens, including the surviving driver and passenger,

police, and mechanics who serviced and maintained the vehicle."). Accordingly, the availability and cost of compelling witnesses also favors Mexico.

The third factor, (the possibility of viewing the premises), favors Mexico because the accident occurred in Mexico. Finally, other practical matters indicate that this case should be tried in Mexico. For example, many of the witnesses speak Spanish. In addition, relevant documents, such as police reports, medical records, and vehicle-related documents reports have been prepared in Spanish. In other words, litigating the case in this forum would require translation of witness testimony and documents, which would result in unnecessary expense, delay, and an increased risk of inaccuracy, error, and confusion. Accordingly, the third and last factors favor Mexico as a more convenient forum.

For all of these reasons, the private interest factors favor Mexico as the most appropriate forum. *See e.g., Taylor v. Daimler Chrysler Corporation*, 196 F.Supp.2d 428, 432 (E.D.Tex. 2001) (*citing Aguilar v. Boeing Co.*, 806 F. Supp. 139 (E.D. Tex. 1992)) (Mexican resident's suit against automobile and tire manufacturers alleging tire tread separation caused accident and decedent's death was most appropriately tried in Mexico when accident occurred and most of the evidence was in Mexico).

Plaintiff argues that the tire was manufactured in Mt. Vernon, Illinois, and that the vehicle was designed, tested, evaluated, and manufactured in the United States. Thus, according to plaintiff, this case should be tried in the United States because all of the witnesses and documents relevant to the tire's design and manufacture are located here rather than in Mexico. The Court notes, however, that plaintiff's argument ignores that most, if not

7

all of the evidence related to the *defense* of this matter is in Mexico. As noted in *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003),

> The linchpin of plaintiff's argument--that the alleged wrongful act was the original design of the vehicle and tires--reaches back too far in the accident's causal chain. Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all occurred in Mexico. If accepted, plaintiffs' argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

*Vasquez,* 325 F.3d at 674.

As noted in *Vasquez,* retaining this case in the United States would effectively deprive the defendants of obtaining evidence related to the accident and therefore relevant to possible defenses. In addition, defendants have indicated that they may wish to introduce evidence of the driver's negligence or pursue a possible third-party claim against the driver. Retaining the case here would preclude defendant from pursuing these avenues. Furthermore, although the design and manufacture evidence is in the United States, this fact is not enough to warrant a trial in the United States when much of the other relevant evidence is located in Mexico. *See Piper*, 454 U.S. at 257 (although evidence related to design, manufacture, and testing of product was in the United States, a trial in Scotland was appropriate because a large amount of the other relevant evidence was located in Great Britain). Finally, at least one defendant, (Ford), has said that it is "willing as a condition of dismissal to make its witnesses and evidence available in the Mexican proceedings. (Doc. 6, p.12). These circumstances favor the Mexican forum. *See Piper*, 454 U.S. at 257 n.25 ("In the future, where similar

problems are presented, district courts might dismiss subject to the conditions that defendant corporations agree to provide the records relevant to the plaintiff's claims"). Under these circumstances, plaintiff's arguments that the private interest factors favor retaining this case in the United States must fail.

### 2. **Public Interest Factors.**

The public interest factors include: 1) the administrative difficulties stemming from court congestion; 2) the local interest in having localized disputes decided at home; 3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; 4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Bridgestone/Firestone, Inc.*, 2005 WL 2018979 at *1 (*citing Kamel*, 108 F.3d at 803).

With regard to court congestion, the Court has insufficient information to make a determination, thus, this factor weighs neither for or against dismissal. With regard to the local interest in having localized disputes decided at home, the Court finds that this factor weighs in favor of dismissal. *See In Re Bridgestone/Firestone, Inc.*, 305 F.Supp.2d at 938 (Mexico has an interest in protecting the health and safety of its residents as well as an interest in regulating potentially dangerous products used within its borders). Although plaintiff argues that the tire was manufactured in the United States, (and therefore has an interest in ensuring the manufacture of safe products), Mexico has a stronger interest in regulating the products that come into its country and that are sold to its citizens. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 181 (5th Cir.2000) ("[T]hose foreign countries [where the plaintiffs hailed

from and had suffered injury] obviously have an interest in protecting the rights and welfare of their citizens."); and *Kamel,* 108 F.3d at 804-05 (noting that Indiana residents "have a mere passing interest" where a foreign plaintiff is injured in a foreign land)).

Next, the choice of law factors, (having the case in a forum that is at home with the law that must govern the action, and the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law), also weigh in favor of dismissal. Although the parties argue extensively over which jurisdiction's law will apply, many courts have found that Mexican law applies to accidents that occur in Mexico and that involve Mexican citizens or residents. *See, e.g., Vasquez,* 325 F.3d 665, 670 (5th Cir.2003); *Zermeno v. McDonnell Douglas Corp.*, 246 F.Supp.2d 646, 663 (collecting cases). Finally, allocating the burden of jury duty also favors Mexico. *See In Re Bridgestone/Firestone, Inc.*, 305 F.Supp.2d at 938 (Related to the idea that Mexico has an interest in protecting the lives and health of their respective residents is the idea that it would not be unduly burdensome for residents to be pressed into jury service.). Based on the above, the public interest factors strongly indicate that Mexico is a more appropriate forum.

For the foregoing reasons, defendants' motions to dismiss based on *forum non conveniens* are granted. This case is dismissed without prejudice subject to the conditions listed below.[1]

### III.     Summary.

---

[1] A court may condition dismissal on *forum non conveniens* grounds on the consent of all of the defendants to jurisdiction in the foreign forum and on waiver of any applicable statute of limitations defenses. *Nolan v. Boeing Co.*, 762 F.Supp. 680, 682 (E.D.La.1989), *aff'd* 919 F.2d 1058 (5th Cir.1990).

For the above reasons, defendants' motions to dismiss based on *forum nonconveniens* (Docs. 5,10) are **GRANTED**. Defendants' motions to dismiss are conditioned upon the following:

> 1)   Plaintiff, upon refiling this action in Mexico, will promptly notify defendants and give defendants sufficient information to enable defendants to properly submit to the Mexican court's jurisdiction;
>
> 2)   Defendants shall submit to the jurisdiction of the Mexican court in accordance with the law of that court;
>
> 3)   Defendants shall accept service of process from the court of Mexico;
>
> 4)   Defendants shall treat the action filed in Mexico as though it had been filed in that forum on the date it was filed in this Court, with service of process accepted as of that date;
>
> 5)   Defendants shall make their witnesses and evidence available in the Mexican proceedings;
>
> 6)   Defendants shall pay any final judgment rendered against it in Mexico resulting from this action, as refiled in Mexico, subject to applicable rights to appeal under Mexican law; and
>
> 7)   Should the Mexican court refuse jurisdiction, plaintiff is allowed to return to this court. In other words, the statute of limitations for this action is tolled pending resolution of this action in Mexico.

The motions for orders to apply Mexican law (Docs. 7,12) are **MOOT**. This action is dismissed without prejudice. A separate Judgment shall accompany this Order.[2]

---

[2] Plaintiff notes that under Mexican law defendants are not notified of a suit unless the Mexican court assumes jurisdiction. Plaintiff is cautioned, however, to take note of a recent decision by the United States Court of Appeals for the Seventh Circuit which remanded a case to ensure that when filing the action in Mexico, plaintiffs acted in good faith. *See Bridgestone/Firestone, Inc., Tires Product Liability Action*, 2005 WL 2018979 (7th Cir. Aug. 24, 2005). Upon filing this action in Mexico, plaintiff is advised to promptly notify defendants of the filing and to provide defendants with sufficient information to enable

**IT IS SO ORDERED.**
**DATED:  September 26, 2005.**

***s/ James L. Foreman***
**DISTRICT JUDGE**

---

defendants to properly submit to the Mexican court's jurisdiction.